UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.:

ADRIAN LUGO,
and ELIAS RODRIGUEZ,
    Plaintiff,

vs.

OLIVE AVENUE STAFFING LLC,
    Defendant.
_____/

## COMPLAINT

The Plaintiffs, ADRIAN LUGO, and ELIAS RODRIGUEZ (hereafter "Plaintiff"), by and through the undersigned counsel, hereby brings suit against Defendant, OLIVE AVENUE STAFFING LLC (hereafter "Defendant"), and in support thereof alleges as follows:

### JURISDICTION AND VENUE

1. This is an action by the Plaintiffs for damages exceeding $75,000 excluding attorneys' fees or costs for damages pursuant to Title VII and the American with Disabilities Act to readdress injuries resulting from Defendant's sexual orientation, national origin, and disability based discriminatory treatment of and retaliation against Plaintiffs.

2. Plaintiffs were employees of Defendant.

3. Defendant was a "person" and/or an "employer" pursuant to the ADA and Title VII, since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the ADA and Title VII.

4. At all times material hereto , Plaintiff was an "employee" within the meaning the ADA and Title VII

5. Venue is proper in Broward County because all of the actions complained of herein occurred within the jurisdiction of Broward County.

6. Plaintiffs are and continues to be, a resident of Broward County, Florida.

7. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

8. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff Adrian Lugo is a Cuban gay man within a class of individuals protected by the Title VII, and Plaintiff's sexual orientation and national origin was known to all those who discriminated against him.

10. Plaintiff Elias Rodriguez is a Cuban gay man who had been previously diagnosed with HIV and within a class of individuals protected by the ADA and Title VII, and Plaintiff's sexual orientation, disability, and national origin was known to all those who discriminated against him.

11. Plaintiff Adrian Lugo started working at the Hyatt Hotel Centric Las Olas on January 3, 2022, as a housekeeper to on or about February 16, 2022.

12. Plaintiff Elias Rodriguez started working at the Hyatt Hotel Centric Las Olas on November 13, 2020, as a housekeeping supervisor to on or about February 16, 2022.

13. On or around January of 2022, other supervisors and both Plaintiffs went to the human resources department to complain regarding the situation that was occurring in the housekeeping department.

14. In their complaint, they stated that Natalia Bonilla, the department manager of Colombian origin, was engaging in discriminatory behavior with employees who were not of Colombian national origin

15. She was treating Colombian employees more favorably than the rest of the employees.

16. The similarly situated employees of Colombian national origin who were being treated better that Plaintiffs were the following: Poala Andrea Torres, known as Adriana, Juan Carlos (LNU), her father, and Daniel (LNU).

17. Together with Mrs. Bonilla, these workers created an extremely hostile work environment for those who were not Colombian, and if they were undocumented, the situation was even more difficult.

18. They discriminated against non-Colombians by attacking them verbally and physically including the belittling of their abilities for no reason other than these other workers were undesirable to them.

19. On February 12, 2022, Adriana was harassing a non-Colombian employee verbally, with a disqualifying and humiliating tone, when the supervisor, Elias. Rodriguez, approached her and let her know that no employee could be treated that way.

20. She had an outburst, and then she, her father, Juan Carlos (LNU), and Daniel (LNU) left their positions for rest of the day but did not leave the premises.

21. Later that same day, Juan Carlos, the aggressor, physically assaulted Adrian Lugo in the elevator because Adrian Lugo had been one of the supervisors who had gone to human resources to report the incidents occurring at the hotel.

22. During the physical altercation Juan Carlos called Adrian Lugo "maricon de mierda" (in Spanish slang it translates to, "fucking faggot"), alluding to my sexual orientation.

23. He then told me that no one messed with him and his daughter in a threatening tone.

24. The next day, on February 13, 2022, Mr. Juan Carlos cornered Adrian Lugo and again physically assaulted Adrian Lugo again while they were in the elevator.

25. Juan Carlos again used threatening slurs such as faggot towards Adrian Lugo.

26. Elias Rodriguez went with Adrian Lugo to the human resources department to report the physical attacks and all that had transpired with Adriana and Ms. Bonilla's discriminatory behavior in favor of Colombians, but no action was taken to correct the situation by the human resources department.

27. In that meeting with HR Elias also informed HR that Adriana had previously grabbed his penis when she had hugged him and so he reported that incident also.

28. After this, Elias Rodriguez (who suffers is HIV positive and had previously in confidence told Bonilla this fact) talked to Mrs. Bonilla so that she could correct her behavior and manage in a nondiscriminatory manner.

29. Bonilla told Elias that if Elias took Adriana to Human Resources, Bonilla was going to do everything possible to fire Elias because the mere fact that Elias was HIV positive was enough for the company to terminate Elias.

30. Essentially, she threatened to disclose his disability with everyone at the company a fact she knew Elias did not want disclosed except to those that needed to know as he had only told the human resources department and her in confidence.

31. Elias in fear of having his diagnosis of HIV be disclosed to all agreed to retract the claim that Adriana had grabbed his penis even though it did happen.

32. Both Plaintiffs were then terminated by Defendant on February 16, 2022.

33. Plaintiff Adrian Lugo between the time he filed his charge of discrimination and the filing of this lawsuit had changed his name from Arniel Lugo to Adrian Lugo. Please see attached order from the 17th Judicial Circuit Exhibit A

34. All administrative prerequisites have been completed as a right to sue letter was issued by the EEOC on December 14, 2022 for Plaintiff Elias Rodriguez and on December 27, 2022 for Adrian Lugo. Exhibits B and C

## COUNT I
### Brought By Both Plaintiffs
*Sexual Orientation Discrimination in Violation of the Title VII (Wrongful Termination)*

35. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1-34 above as if set out in full herein.

36. Plaintiffs are members of a protected class under the title VII.

37. By the conduct describe above, Defendant has engaged in discrimination through an adverse employment action against Plaintiff because of Plaintiffs' sexual orientation and subjected the Plaintiff to sexual orientation-based animosity and wrongfully terminated Plaintiffs.

38. Such discrimination was based upon the Plaintiffs' sexual orientation in that Plaintiffs would not have been the object of discrimination but for the fact that Plaintiffs are both gay.

39. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination based on Plaintiffs' sexual orientation was unlawful but acted in reckless disregard of the law.

40. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiffs possessed the authority to affect the terms, conditions, and privileges of Plaintiffs' employment with the Defendant.

41. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

42. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

43. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's wrongful termination and discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

44. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

45. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

    WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

E. Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
**Brought By Both Plaintiffs**
*National Origin Discrimination in Violation of the Title VII (Wrongful Termination)*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 above as if set out in full herein.

47. Plaintiff is a member of a protected class under the title VII.

48. By the conduct describe above, Defendant has engaged in discrimination through an adverse employment action against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin-based animosity and wrongfully terminated Plaintiff.

49. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Cuban.

50. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

51. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

52. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

53. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

54. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's wrongful termination and discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

55. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

56. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

H. Adjudge and decree that Defendant has violated the Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

I. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

J.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

K.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

L.  Defendant, or in lieu of reinstatement, award front pay;

M.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

A.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### Brought By Elias Rodriguez
*Disability Discrimination in Violation of the ADA (Wrongful Termination)*

57.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 34 of this Complaint as if set out in full herein.

58.  Plaintiff is a member of a protected class under the ADA.

59.  By Defendant's conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and chronic conditions and subjected the Plaintiff to animosity based on his disability and chronic conditions.

60.  Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

61.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his disability was unlawful but acted in reckless disregard of the

law.

62. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

63. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

64. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

65. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

66. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

67. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

E. Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV

### Brought By Both Plaintiffs

*RETALIATION IN VIOLATION OF THE TITLE VII*

68. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 34 of this Complaint as if set out in full herein.

69. Defendant is an employer as that term is used under the applicable statutes referenced above.

70. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the Title VII.

71. The foregoing unlawful actions by Defendant were purposeful.

72. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

73. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

74. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

75. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the Title VII and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Title VII;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees;

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 3/8/23                              Respectfully submitted,

/s/     *Elvis J. Adan* _____
          Elvis J. Adan, Esq.
          Fla. Bar No.: 24223
          GALLARDO LAW OFFICE, P.A.
          8492 SW 8th Street
          Miami, Florida 33144
          Telephone: (305) 261-7000